# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> DALE SHAFER <br><br> Defendant. | Civil Action No. 1:12CV62 |

## FINAL JUDGMENT AS TO DEFENDANT DALE SHAFER

The Securities and Exchange Commission ("Commission") having filed a Complaint and Defendant Dale Shafer ("Shafer") having entered a general appearance; consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Shafer and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, or aiding and abetting violations of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or

1

instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Shafer is jointly and severally liable with Jason Gonski for disgorgement of $33,484.08, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $5,473.73 for a total joint and several liability of $38,957.81. Shafer and/or Gonski shall satisfy this obligation in accordance with the payment schedule below. Payment shall be by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, 100 F Street, NE, Stop 6042, Washington DC 20549, and shall be accompanied by a letter identifying Dale Shafer as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Shafer and/or Gonski shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Shafer shall pay a civil penalty in the amount of $33,484.08 pursuant to Section 21A of the Exchange Act [15 U.S.C. § 78u-1]. Shafer shall make this payment in accordance with the payment schedule below. Payment shall be by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, 100 F Street, NE, Stop 6042, Washington DC 20549, and shall be accompanied by a letter identifying Dale Shafer as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Shafer shall pay post-judgment interest on any unpaid amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

IV.

Shafer shall pay $72,441.89 in four installment payments according to the following schedule (of this amount, Shafer is jointly and severally liable with Gonski for the disgorgement and prejudgment interest, as noted). *Apply Shafer's first payments to his penalty*:

(1) $20,000.00 within 30 days of entry of this Final Judgment plus post-judgment interest pursuant to 28 U.S.C. § 1961;

(2) $20,000.00 within 180 days of entry of this Final Judgment plus post-judgment interest pursuant to 28 U.S.C. § 1961;

(3) $20,000.00 within 270 days of entry of this Final Judgment plus post-judgment interest pursuant to 28 U.S.C. § 1961;

3

(4) $12,441.89 within 350 days of entry of this Final Judgment plus post-judgment interest pursuant to 28 U.S.C. § 1961.

If Shafer fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately without further application to the Court. The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time following default on the payment terms of this Final Judgment. In response to any such civil contempt motion by the Commission, Dale Shafer may assert any legally permissible defense.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Shafer shall be barred for five years from serving as an officer or director of any issuer required to file reports with the Commission under Section 12 or 15(d) of the Exchange Act [15 U.S.C. §§ 78(1) and 78(o)(d)], pursuant to Section 20(e) of the Securities Act [15 U.S.C § 77t(e)] and Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)].

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Defendant Dale Shafer, dated December 12, 2011, is incorporated herein with the same force and effect as if fully set forth herein, and that Shafer shall comply with all of the undertakings and agreements set forth therein.

4

VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: 1/27/12

_____
UNITED STATES DISTRICT JUDGE